

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KATHERINE DUDLEY,<br>    Plaintiff, | : | CIVIL CASE NO. 3:03cv0273(SRU) |
| | : | |
| VS. | : | |
| | : | |
| NBD, LLC; AND<br>GERALD B. HADELMAN,<br>    Defendants. | :<br>:<br>: | DECEMBER 5, 2003 |

## AFFIDAVIT

STATE OF CONNECTICUT)
                                            ) ss. Bridgeport
COUNTY OF FAIRFIELD)

The undersigned, being duly sworn, hereby deposes and says:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. More than fifteen employees worked at Subway # 10 and Subway # 98 for more than twenty weeks during the calendar year 2001 and 2002.

3. Gerald Hadelman owned the company that, in turn, owned Subway # 98.

4. Gerald Hadelman owned a seventy-five percent interest in the company that, in turn, owned Subway # 10.

5. Subway # 98 and Subway # 10 are both owned, managed, and controlled by Gerald Hadelman.

6. Gerald Hadelman administers and operates the business of both Subway # 98 and Subway # 10.

7. Gerald Hadelman is the managing officer responsible for the daily business activities and all personnel matters for both Subway # 98 and Subway # 10.

8. During the time I was employed by NBD, LLC, Gerald Hadelman owned, controlled, managed, directed, supervised, administered and operated NBD, LLC and Subway # 98

9. Subway # 98 and Subway # 10 share the same employees, the same equipment and the same furniture.

10. Subway # 98 and Subway # 10 together employed more than fifteen employees during the two years prior to my termination.

11. Gerald Hadelman, did the hiring and firing of employees for Subway # 10 and Subway # 98.

12. Gerald Hadelman made the decision when to employ temporary help for NBD, LLC and Subway # 98.

13. Gerald Hadelman was responsible for employee issues for Subway # 10 and Subway # 98.

14. Gerald Hadelman was responsible for personnel decisions including the wages, hours and conditions of employment of the employees for Subway # 10 and Subway # 98.

15. Subway # 10 and Subway # 98 possess common management of their respective operations in the person of Gerald Hadelman.

16. There exists centralized control of the labor relations in the person of Gerald Hadelman for Subway # 10 and Subway # 98.

17. There exists controlling ownership of Subway # 10 and Subway # 98 by Gerald Hadelman.

18. The defendant, NBD, LLC had not adopted a sexual harassment policy, nor had it implemented a complaint procedure for dealing with complaints of sexual harassment.

19. The number of employees, not including Gerald Hadelman, Lisa Dudley, and I, who worked for NBD, LLC combined with those who worked for Subway # 98 exceeded fifteen during each week of the two years prior to my termination.

20. I made the allegation in good faith that the defendant was an employer under Title VII.

21. At the time the defendant, NBD, LLC, terminated my employment, the defendant, Hadelman, claimed that I owned a fifteen per cent membership interest in NBD, LLC.

22. The same accountant kept the books of account for Subway # 10 and Subway # 98.

23. Lisa Dudley and I regularly performed work for Subway # 98 while we were employed to work at Subway # 10, for which no records were maintained by Gerald Hadelman.

24. Lisa Dudley and other employees of NBD, LLC were required by Gerald Hadelman to perform work for Subway # 98.

25. Tom Ledger, the manager of Subway # 98, often performed work at Subway # 10.

26. Employees from Subway # 98 were shared with NBD, LLC to perform work related duties for both entities.

_____
Katherine Dudley

Personally appeared Katherine Dudley, and made Oath to the truth of the matters contained in the foregoing complaint, before me.

SUBSCRIBED AND SWORN TO, before me, on this 5th day of December, 2003.

_____
Thomas W. Bucci
Commissioner of Superior Court