

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KATHERINE DUDLEY,<br>    Plaintiff,<br>VS.<br><br>NBD, LLC; AND<br>GERALD B. HADELMAN,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL CASE NO. 3:03cv0273(SRU)<br><br><br><br>DECEMBER 5, 2003 |

## LOCAL RULE 56(a)2 STATEMENT

**A. Material Facts Asserted by the Defendants**

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Deny (Dudley Affidavit ¶ 7).

9. Admit.

10. Admit.

11. Admit.

12. Deny - Exhibit 10 makes no representation as to ownership.

13. Deny (Dudley Affidavit ¶ 8)

14. Admit.

15. Admit.

16. Deny (Dudley Affidavit ¶¶ 5,8,11,14 )

17. Deny (Dudley Affidavit (Exhibit 2) (Dudley Dep. p. 120)

18. Deny (Dudley Affidavit ¶¶ 5,8,11,13,14)

19. Deny (Dudley Affidavit ¶¶ 5,8,11,13,14) (Exhibit 2)

20. Deny (Dudley Affidavit ¶¶ 5,8,11,13,14)

21. Deny (See Operating Agreement, Exhibit 1).

22. Deny.

23. Deny to the extent that NBD, LLC has no policy with regard to the payment or non-payment of medical leave, and the defendants do not cite any in support of their claim.

24. Admit that the accountant employed by Gerald Hadelman prepared such returns.

25. Deny (Dudley Affidavit ¶¶ 2,3,4,5,6,7,8,9,10)

26. Deny (Dudley Affidavit ¶¶ 2,3,4,5,6,7,8,9,10)

**B. Issues of Material Fact As To Which It is Contended There Is A Genuine Issue To Be Tried**

1. The number of employees working for Subway # 98 can be consolidated under the single employer theory with the number of employees working for the defendant, NBD, LLC, to meet Title VII employee numerosity requirement. The determination of single employer status is a question of fact. See *Lihli Fashions Corp. v. NLRB*, 80 F.3d 743, 747 (2nd Cir. 1996).

2. Under the single employer theory, the defendant employed more than fifteen employees during the time the plaintiff was an employee of the defendant. (Dudley Affidavit ¶ 10)

3. Gerald Hadelman was the managing officer responsible for the daily business activities of both the defendant and Subway # 98, 200 Main Street, Middletown, Connecticut, (Dudley Affidavit ¶ 7).

4. At all times the plaintiff was employed by NBD, LLC, the defendant, Hadelman, owned a controlling interest in NBD, LLC and Subway # 98. (Dudley Affidavit ¶¶ 3, 4).

5. During the time the plaintiff was employed by NBD, LLC, the defendant, Hadelman owned, controlled, managed, directed, supervised, administered and operated NBD, LLC and Subway # 98. (Dudley Affidavit ¶ 8).

6. The defendant, Hadelman, did the hiring and firing of employees for NBD, LLC and Subway # 98. (Dudley Affidavit ¶ 11).

7. The defendant, Hadelman, made the decision when to employ temporary help for NBD, LLC and Subway # 98. (Dudley Affidavit ¶12).

8. The defendant, Hadelman was responsible for employee issues for NBD, LLC and Subway # 98. (Dudley Affidavit ¶13).

9. The defendant, Hadelman, was responsible for personnel decisions including the wages, hours and conditions of employment of the employees for NBD, LLC and Subway # 98. (Dudley Affidavit ¶14).

10. NBD, LLC and Subway # 98 possess common management of their respective operations in the person of the defendant, Hadelman. (Dudley Affidavit ¶15).

11. There exists centralized control of the labor relations in the person of the defendant, Hadelman, for NBD, LLC and Subway # 98. (Dudley Affidavit ¶ 16).

12. There exists controlling ownership of NBD, LLC and Subway # 98 by the defendant, Hadelman. (Dudley Affidavit ¶17).

13. The defendant, NBD, LLC has not adopted a sexual harassment policy, nor has it implemented a complaint procedure for dealing with complaints of sexual harassment. (Dudley Affidavit ¶ 18).

14. The number of employees, not including the plaintiff, the defendant, Hadelman, and Lisa Dudley, who worked for NBD, LLC combined with those who worked for Subway # 98

exceeded fifteen during each week of the two years prior to the plaintiff's termination. (Dudley Affidavit ¶ 19).

15. The plaintiff did not frivolously allege that the defendant was an employer under Title VII. (Dudley Affidavit ¶ 20).

16. At the time the defendant, NBD, LLC, terminated the plaintiff's employment, the defendant, Hadelman, claimed he owned a seventy-five per cent interest in NBD, LLC. (Dudley Affidavit ¶ 4).

17. At the time the defendant, NBD, LLC, terminated the plaintiff's employment, the defendant, Hadelman, claimed that the plaintiff owned a fifteen per cent interest in NBD, LLC. (Dudley Affidavit ¶ 21).

18. By letter dated June 11, 2001, the defendant, NBD, LLC, terminated the plaintiff's employment. (Hadelman, dep. pp. 49, 50)(Exhibit 2).

19. The defendant, Hadelman, would purchase equipment for Subway # 98 and pay for it from the funds of the defendant, NBD, LLC. (Dudley, dep. p. 106).

20. Lisa Dudley, the owner of a ten percent interest in NBD, LLC, worked at Subway # 98, while being paid by the NBD, LLC. (Dudley, dep. p. 107).

21. The defendant, Hadelman, did the hiring and firing for NBD, LLC, because in his opinion, "he was king." (Dudley, dep. p. 133).

22. The defendant, Hadelman, was responsible for all personnel decisions including the wages, hours and conditions of employment of the employees at NBD, LLC and Subway # 98. (Dudley Affidavit ¶¶11, 12, 13, 14)

23. The same accountant kept the books of account for NBD, LLC and Subway # 98. (Dudley Affidavit ¶ 22)

24. NBD, LLC shared employees with Subway # 98. (Dudley Affidavit ¶ 9)

25. NBD, LLC shared products and furniture with Subway # 98. (Dudley Affidavit ¶ 9).

26. Lisa Dudley and the plaintiff performed work for Subway # 98 for which no records were maintained by the defendant, Hadelman. (Dudley Affidavit ¶23).

27. Lisa Dudley and other employees of NBD, LLC were required to perform work for Subway # 98. (Dudley Affidavit ¶24).

28. Employees from Subway # 98 were shared with NBD, LLC to perform work related duties for both entities. (Dudley Affidavit ¶ 26).

29. Tom Ledger, the manager of Subway # 98, often performed work for NBD, LLC. (Dudley Affidavit ¶ 25).

THE PLAINTIFF- KATHERINE DUDLEY


BY: _____
Thomas W. Bucci
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT  06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Email: tbucci@wwblaw.com
Fed Bar # ct07805

## CERTIFICATION

THIS IS TO CERTIFY that on the 5th day of December 2003, a copy of the foregoing **Local Rule 56 (a) (2) Statement** was sent via U.S.P.S. to the following:

Frederick W. Krug, Esquire
MATZKIN, KRUG & DANEN
76 Center Street
Waterbury, CT  06702

                                              Thomas W. Bucci