FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT 2004 JAN 12 P 12: 44

US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| KATHERINE DUDLEY | : | |
| | : | |
| v. | : | No.  303  CV 0273 SRU |
| | : | |
| | : | |
| NBD, LLC and | : | |
| GERALD B. HADELMAN | : | January 9, 2004 |
| | : | |

### Defendants' Reply to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment

This case presents the unique question of whether one member of a three member limited liability company can qualify as an "employee" of the limited liability company for the purpose of a Title VII employment discrimination claim.

Despite plaintiff's effort to create issues of fact sufficient to defeat defendants' motion for summary judgment, certain important facts are admitted and undisputed . Plaintiff has admitted all of the following statements of fact set forth in Defendants' Rule 56(a)1 Statement.

1. NBD LLC is a limited liability company organized under the laws of the State of Connecticut.

2. Katherine Dudley, as organizer of NBD LLC, filed Articles of Organization for NBD dated May 16, 2000.

3. On June 19, 2000, Katherine Dudley, as sole organizer of NBD LLC, signed a consent in lieu of organization meeting in which she identified Lisa M. Dudley, Katherine Dudley and Gerald B. Hadelman as the three persons who have agreed to form a Connecticut limited liability company under the name NBD LLC.

4. The Consent Action in Lieu of Organization Meeting provides that all members, including Katherine Dudley "are authorized on behalf of the Company to execute any and all contracts, assignments, licenses, or other written instruments necessary or advisable in connection with the carrying out of the purposes of the Company, including but not limited to, the application for necessary employer identification numbers, tax registrations, leases of real or personal property and any financing the Company may require to commence operations".

5. When NBD LLC was formed, its three members were Katherine Dudley (39%) interest, Lisa M. Dudley (10% interest) and Gerald B. Hadelman (51% interest).

6. In her capacity as member of NBD LLC, Katherine Dudley signed the Operating Agreement of the company on or about June 20, 2000.

7. The Operating Agreement provides that each member, including Katherine Dudley, "shall have full authority to manage the Company and conduct the day to day operations of the Company business and each Member, acting alone, upon the consent of a Majority in interest, shall have the power to take such actions and sign such instruments as the Member decides in good faith are useful in carrying out the business of the Company. . .. The members may agree among themselves, either in writing or otherwise, that certain duties shall be the primary responsibility of a particular Member".

9. On August 11, 2000, Gerald B. Hadelman and Katherine Dudley entered into a franchise agreement, so-called, with Doctor's Associates, Inc. which permitted them to operate a Subway restaurant in the State of Connecticut.

10. On August 11, 2000, Gerald B. Hadelman and Katherine Dudley entered into a Sublease with Subway Real Estate Corporation for premises located at 942 Washington Street, Middletown, Conn. for the purpose of operating a Subway restaurant at that location.

11. On or about August 22, 2000, utilizing the Subway franchise agreement, NBD LLC opened for business a Subway restaurant at 942 Washington Street, Middletown, Conn.

3

14.  As of June 19, 2000, Katherine Dudley was an authorized signer on NBD's account no. 415 063353 with Liberty Bank and she identified herself as owner on the signature card.

15.  Effective October 16, 2000, the members of NBD LLC agreed to change their per centage ownership of the company as follows:  Gerald B. Hadelman 75%, Lisa M. Dudley 10% and Katherine Dudley 15%.

In addition, plaintiff does not -- and indeed, cannot -- dispute the provisions of Connecticut Statutes which apply to limited liability companies as stated on page 8 of defendants' Memorandum of Law.

Based on the foregoing, it is undeniable the plaintiff, as a member of NBD LLC was one of a "group of persons, who owns and manages the enterprise".  As such, plaintiff meets the definition of "employer" under the holding in **Clackamas Gastroenterology Associates, P.C. v. Wells**, 538 U.S.____, 123, S.Ct. 1673, 155 L.Ed.2d. 615 (2003).

As plaintiff's Memorandum of Law and supporting exhibits clearly show, there were differences of opinion among the members of the LLC as to how the LLC should operate.  In addition, the affidavits of defendant Gerald Hadelman and Lisa Dudley (the other two LLC members) show that those two members were of the opinion that plaintiff was not adequately performing the management duties which she had agreed to perform in her capacity as a member of the LLC.  Ultimately, Hadelman and Lisa

4

Dudley, as members of the LLC, took action which they deemed appropriate to remove Katherine Dudley from any further participation in the LLC.

It is also undisputed that initially defendant Hadelman and Lisa Dudley together owned a sixty-one per cent interest and Katherine Dudley owned a thirty-nine per cent interest in the LLC, and that effective October 16, 2000, that ownership interest changed to Hadelman seventy-five per cent, Lisa M. Dudley ten per cent and Katherine Dudley fifteen per cent. Nevertheless, plaintiff Katherine Dudley at all times remained a member of the LLC, more specifically, that "group of persons who owns and manages the enterprise". Her status as an LLC member holding a minority interest does not transform her into an employee of the LLC for purposes of Title VII.

The gravamen of plaintiff's argument is that because Hadelman held a super majority interest in the LLC when he made decisions concerning plaintiff's participation in the LLC, an employer-employee relationship came into existence. Under this reasoning, any LLC member who holds less than a majority interest would qualify as an employee for Title VII purposes. This is not the standard by which status as an employee should be determined. **In Clackamas**, the court described the employer as a collective organization and examined the six factors listed on pages 11-13 of defendants' Memorandum of Law in view of the plaintiff's relationship to the collective. In the case at bar, plaintiff was part of the collective organization that constituted the LLC in her capacity as a member. Although she did not control the

5

LLC, she was part of it, and, therefore, cannot simultaneously be classified as an employee.

Issues of fact may exist concerning whether plaintiff adequately performed her duties. Nevertheless, there is no dispute that plaintiff's duties were rooted in her member/ownership of the entity.

Defendants respectfully submit that plaintiff has failed to raise any genuine issues of material fact as to defendants' first ground for seeking summary judgment: that plaintiff does not qualify as an employee for Title VII purposes. Accordingly, summary judgment should enter for defendants on plaintiff's first count.

DEFENDANTS

Frederick W. Krug
Fed. Bar. No. ct07215
Matzkin, Krug & Danen
76 Center Street
Waterbury, CT. 06702
(203)  755-2246
Their Attorney

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing has been mailed, postage prepaid,

on this 9th day of January, 2004 to:

Attorney Thomas W. Bucci
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT. 06604

Frederick W. Krug

FedPlead/Hadmemo2

7